

**ORDERED in the Southern District of Florida on January 25, 2007.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

ITG VEGAS, INC., et al.

| | Case Nos. | 06-16350-BKC-PGH |
|---|---|---|
| | through | 06-16357-BKC-PGH |
| | | 06-16411-PKC-PGH |
| | | 06-16412-BKC-PGH |
| | | 06-16441-BKC-PGH |
| Debtors. | (Jointly Administered under Case No. | 06-16350-BKC-PGH) |
| | Chapter 11 | |

_____/

**AGREED ORDER GRANTING DEBTORS' APPLICATION UNDER
11 U.S.C. § 327(e) FOR AUTHORITY TO RETAIN COZEN O'CONNOR
AS SPECIAL CORPORATE COUNSEL**

THIS CAUSE came before the Court upon the Application for Authority to Retain Cozen O'Connor as Special Corporate Counsel (the "Application") (CP #202) filed by ITG Vegas, Inc. ("ITG-Vegas"), Cruise Holdings I, LLC ("Cruise I"), ITG-Palm Beach, Inc. ("ITG-Palm Beach"), Cruise Holdings II, LLC ("Cruise II"), Royal Star Entertainment, LLC ("Royal Star"), Riviera Beach Entertainment ("Riviera Beach"), Orion Casino Corporation ("Orion"), International Thoroughbred Gaming Development Corporation ("ITGDC"), Palm Beach

Maritime Corp. ("PBM"), Palm Beach Empress, Inc. ("PBE"), and International Thoroughbred Breeders, Inc. ("ITB"), (collectively, the "Debtors"), all as more fully set forth in the Application.

The Court has jurisdiction over this matter, and due notice of the Application has been provided to the Office of the United States Trustee for the Southern District of Florida, and all other parties in interest on the Master Service List, and no other or further notice need be provided.

The Court has considered the Application under 11 U.S.C. § 327(e) and the Affidavit of David S. Petkun, Esq. submitted in support of the Application and the representations contained therein that the law firm of Cozen O'Connor and David S. Petkun, Esq. do not hold any interests adverse to the Debtors or their bankruptcy estates as to the matters for which they would be engaged. Cozen O'Connor has advised this Court that its retention as special corporate counsel to the Debtors does not create a conflict with its prior representation of Francis W. Murray in certain transactional matters.

The Court has been advised that the Debtors' primary secured creditors, PDS Gaming Corporation – PDS-A[1] and PDS-B, consent to the proposed use of post-petition cash revenues (which PDS asserts are its cash collateral) for payment of the proposed $20,000 retainer, subject to the terms set forth below and subject to the terms and conditions of the Fourth Order Granting Debtors' Motion to Authorize Interim Use of Alleged Cash Collateral and Setting Fifth Interim Cash Collateral Hearing (the "Fourth Interim Cash Collateral Order"). (Capitalized terms not

---

[1] PDS Gaming Corporation, through its attorney-in-fact PDS Funding 2004-A, LLC ("PDS-A"), maintains that it has a first-priority perfected security interest and lien upon all of the PDS Collateral, securing the repayment to PDS-A of the "Tranche A Debt" owed by the Debtors in the approximate amount of $42.2 million. Further, PDS Gaming Corporation ("PDS-B") maintains that it is owed by the Debtors additional sums with respect to "Tranche B Debt" owed by the Debtors in the approximate amount of $4.89 million, secured by second-priority perfected liens and security interests on the PDS Collateral, except for a certain RSE Lease.

otherwise defined herein shall have the meanings set forth in the Fourth Interim Cash Collateral Order).

In consideration of the foregoing, the Court finds that the employment of Cozen O'Connor pursuant to the terms and conditions described in the Application, and subject to the terms set forth below, is necessary and in the best interests of the Debtors and their estates. Accordingly, it is --

ORDERED as follows:

1. The Application under 11 U.S.C. § 327(e) is approved subject to the terms set forth below.

2. The Debtors are authorized to employ Cozen O'Connor as special corporate counsel to the Debtors pursuant to 11 U.S.C. §§ 327(e) and 330, subject to the terms set forth below, to provide legal advice and services to the Debtors as set forth in the Application in connection with the Turnberry Note and other assets of the estates; provided, however, Cozen O'Connor has agreed that their services with respect to the negotiation, documentation, and closing of the Debtors' presently proposed transactions involving the sales of the Turnberry Note and the OC Note (collectively, the "Turnberry Note Services") shall in no event exceed $20,000; provided, further, that nothing herein shall constitute a consent by either PDS-A or PDS-B to the Debtors' proposed transactions.

3. The Debtors are authorized to pay Cozen O'Connor a post-petition retainer of $20,000 from post-petition cash revenues in connection with the Turnberry Note Services; provided, however, Cozen O'Connor may not draw down any portion of the post-petition retainer in the absence of an order of this Court approving the allowance and payment to Cozen O'Connor of such amounts.

4.   Cozen O'Connor shall seek approval from this Court to receive compensation and reimbursement for any actual and necessary fees and costs in accordance with 11 U.S.C. § 330, any applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such procedures as may be fixed by Order of this Court, and all creditors and parties in interest reserve the right to object to the reasonableness of such fees and expenses sought by Cozen O'Connor.

5.   With respect to the any funds expended by the Debtors pursuant to the terms hereof, PDS-A and PDS-B shall be entitled to all of their rights, liens, protections, and priorities as set forth in the Fourth Interim Cash Collateral Order (and any subsequent orders entered by this Court with respect to the use of the Alleged Cash Collateral).

6.   Nothing herein shall constitute a consent by PDS-A or PDS-B to the Debtors' use of the Alleged Cash Collateral (or any surcharge against the PDS Collateral) to pay the fees or expenses of Cozen O'Connor with respect to any services other than the Turnberry Note Services, in the absence of a subsequent order of this Court or written consent by PDS-A and PDS-B to funding such fees and expenses from their Alleged Cash Collateral.

###

**SUBMITTED BY:**
David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Coral Gables, Florida 33134
Telephone:    305-372-1800
Facsimile:    305-372-3508
E-mail:drosendorf@kttlaw.com

**COPIES FURNISHED TO:**
David L. Rosendorf, Esq.
[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service]