ORDERED in the Southern District of Florida on  APR -2 2007



Paul G. Hyman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

ITG VEGAS, INC., et al.

Debtors.
_____/

Case Nos.   06-16350-BKC-PGH
through     06-16357-BKC-PGH
            06-16411-PKC-PGH
            06-16412-BKC-PGH
            06-16441-BKC-PGH
(Jointly Administered under
Case No.    06-16350-BKC-PGH)
Chapter 11

### ORDER GRANTING DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN PAGE MRACHEK FITZGERALD & ROSE, P.A. AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO DECEMBER 4, 2006

On March 30, 2007, the Court conducted a hearing on the Application for Authority to Retain Page Mrachek Fitzgerald & Rose, P.A. as Special Litigation Counsel *Nunc Pro Tunc* to December 4, 2006 (the "Application") (CP #387) filed by ITG Vegas, Inc. ("ITG-Vegas"), Cruise Holdings I, LLC ("Cruise I"), ITG-Palm Beach, Inc. ("ITG-Palm Beach"), Cruise Holdings II, LLC ("Cruise II"), Royal Star Entertainment, LLC ("Royal Star"), Riviera Beach

Entertainment ("Riviera Beach"), Orion Casino Corporation ("Orion"), International Thoroughbred Gaming Development Corporation ("ITGDC"), Palm Beach Maritime Corp. ("PBM"), Palm Beach Empress, Inc. ("PBE"), and International Thoroughbred Breeders, Inc. ("ITB"), (collectively, the "Debtors"), all as more fully set forth in the Application.

The Court has jurisdiction over this matter, and due notice of the Application has been provided to the Office of the United States Trustee for the Southern District of Florida, and all other parties in interest on the Master Service List, and no other or further notice need be provided.

The Court has considered the Application and the Affidavit and Supplemental Affidavit of Alan B. Rose, Esq. submitted in support of the Application and the representations contained therein that Page Mrachek Fitzgerald & Rose, P.A. and Alan B. Rose, Esq. do not hold any interest adverse to the Debtors or their bankruptcy estates on the matters in which they are engaged, the Court finds that the employment of Page Mrachek Fitzgerald & Rose, P.A. is necessary and in the best interests of the Debtors and their estates. Accordingly, it is

ORDERED as follows:

1. The Debtors are authorized to employ Page Mrachek Fitzgerald & Rose, P.A. ("Page Mrachek") as special litigation counsel to the Debtors pursuant to 11 U.S.C. §§ 327(e) and 330 to provide legal services to the Debtors in connection with the Port Litigation as described in the Application *nunc pro tunc* to December 4, 2006.

2. Page Mrachek is authorized to utilize $290.00 from the Debtors' retainer of $385.58 held in its trust account to the three outstanding invoices for pre-petition litigation services to the Debtors as described in the Application. The remaining balance of $95.58 shall be returned to the Debtors.

274956-1 2

3. Page Mrachek shall seek approval from this Court to receive compensation and reimbursement for any actual and necessary fees and costs in accordance with 11 U.S.C. § 330, any applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such procedures as may be fixed by Order of this Court. Page Mrachek shall charge the Debtors for its services at its usual prevailing hourly rates.

4. With respect to the any funds expended by the Debtors pursuant to the terms hereof, PDS-A[1] and PDS-B shall be entitled to all of their rights, liens, protections, and priorities as set forth in the Fifth Interim Cash Collateral Order (and any subsequent orders entered by this Court with respect to the use of the Alleged Cash Collateral, collectively, the "Cash Collateral Orders").

5. Nothing herein shall constitute a consent by PDS-A or PDS-B to the Debtors' use of the Alleged Cash Collateral (or any surcharge against the PDS Collateral) to pay the fees or expenses of Page Mrachek (except as may be specifically provided (i) as a line-item budget disbursement in an approved budget attached to the Cash Collateral Orders, (ii) in a subsequent order of this Court, or (iii) in a written consent by PDS-A and PDS-B to funding such fees and expenses from their Alleged Cash Collateral).

###

---

[1] PDS Gaming Corporation, through its attorney-in-fact PDS Funding 2004-A, LLC ("PDS-A"), maintains that it has a first-priority perfected security interest and lien upon all of the PDS Collateral, securing the repayment to PDS-A of the "Tranche A Debt" owed by the Debtors in the approximate amount of $42.2 million. Further, PDS maintains that the Debtors owe additional sums to PDS ("PDS-B") with respect to "Tranche B Debt" owed by the Debtors in the approximate amount of $4.89 million, secured by second-priority perfected liens and security interests on the PDS Collateral, except for a certain RSE Lease.

**SUBMITTED BY:**

David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Coral Gables, Florida 33134
Telephone:    305-372-1800
Facsimile:    305-372-3508
E-mail:drosendorf@kttlaw.com

**COPIES FURNISHED TO:**
David L. Rosendorf, Esq.
[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service]

274956-1                                         4