

**ORDERED in the Southern District of Florida on July 23, 2007.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) Case Nos. 06-16350-BKC-PGH |
| | ) Through 06-16357-BKC-PGH, |
| ITG VEGAS, INC., et al., | ) 06-16411-BKC-PGH, 06-16412- |
| | ) BKC-PGH & 06-16441-BKC-PGH |
| | ) |
| | ) |
| Debtors. | ) (**Jointly Administered under** |
| | ) **Case No. 06-16350-BKC-PGH)** |
| | ) |
| | ) Chapter 11 |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JUNE 1, 2007**

THIS MATTER came before the Court on the 7th day of June, 2007 at 10:30 A.M. in West Palm Beach, Florida, upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of

774722-1

the above-captioned debtors and debtors-in-possession herein (the "Debtors")[1], for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Mesirow Financial Consulting, LLC as financial advisors to the Committee *nunc pro tunc* to May 15, 2007 (C.P. No. 598), and upon the *Declaration of Jeffrey R. Truitt in Support of the Application for Entry of an Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to May 15, 2007* (the "Truitt Declaration") attached to the Application as Exhibit "A." The Court, having considered (i) the Application; (ii) the Truitt Declaration; (iii) the *Objection to Application of Official Committee of Unsecured Creditors for Entry of Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as its Financial Advisors, Nunc Pro Tunc to May 15, 2007* (the "PDS-A Objection") (C.P. No. 674), filed by PDS Gaming Corporation, a Minnesota corporation, through its attorney-in-fact PDS Funding 2004-A, LLC ("PDS-A"); and (iv) the Joinder of PDS-B to the PDS-A Objection (the "PDS-B Objection") (C.P. No. 680); and based on arguments of counsel and the representations made in the Application and the Truitt Declaration that such financial advisors represent no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and that

---

[1] The "Debtors" are the following entities: i) ITG Vegas, Inc.; ii) ITG Palm Beach, LLC; iii) Cruise Holdings I, LLC; iv) Cruise Holdings II, LLC; v) Royal Star Entertainment, LLC; vi) Riviera Beach Entertainment, LLC; vii) Orion Casino Corporation; viii) International Thoroughbred Gaming Development Corporation; ix) Palm Beach Maritime Corporation; x) Palm Beach Empress, Inc.; and xi) International Thoroughbred Breeders, Inc., (collectively, the "Debtors").

their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the objections are overruled and that the Application is granted subject to the rulings of this Court and the agreements made with the Office of the United States Trustee ("US Trustee") contained herein (and to the extent that there is a conflict between the terms and conditions of the Application and the terms and conditions of this Order, the terms and conditions of the Order shall govern); and it is further

ORDERED that the findings and conclusions as stated on the record constitute the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052; to the extent that there is a conflict between the terms of this Order and the findings and conclusions as stated on the record, the findings and conclusions as stated on the record shall govern; and it is further

ORDERED that, pursuant to sections 328 (subject to the rulings of this Court as set forth on the record of the hearing on the Application), 1103(a) and 1103(b) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Committee is hereby authorized to employ Mesirow Financial Consulting, LLC ("Mesirow") as its financial advisors, in accordance with the terms of (i) the Engagement Letter (a copy of which is attached as Exhibit 1 to the Truitt Declaration, but modified pursuant to the terms herein), and (ii) the Application, as modified pursuant to the terms herein, *nunc pro tunc* to June 1, 2007, to perform the services set forth in the Application and the Engagement Letter; and it is further

ORDERED that the Engagement Letter (inclusive of the Standard Terms and Conditions made a part thereof) is hereby modified and amended as follows: (a) as to paragraph 3, Mesirow can only resign subject to further order of this Court and Mesirow's engagement shall terminate if the above-referenced cases are converted to cases under Chapter 7 of the U.S. Bankruptcy Code; (b) paragraphs 6, 7, 10 and 17 of the Standard Terms and Conditions are deleted; and (c) paragraph 16 of the Standard Terms and Conditions is modified to provide that Florida law will govern; and (d) Mesirow agrees to proceed under its engagement prior to its receipt of a $25,000 retainer from the Debtors, and it is further

ORDERED that the Debtors shall remit to Mesirow an advance payment retainer in the amount of $25,000 (the "Retainer"), but only at such time as it is determined by the Court that the funds from which the Retainer is to be paid are not the cash collateral of PDS-A or PDS-B as may be alleged or asserted by such parties, unless PDS-A or PDS-B agrees or this Court rules otherwise. The Retainer shall be held by Mesirow, when paid, and applied against post-petition fees and expenses, to the extent allowed by this Court; and it is further

ORDERED that Mesirow shall be compensated in accordance with the procedures set forth in section 328 of the Bankruptcy Code and such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; provided, however, Mesirow's compensation (including payment of its Monthly Fee and Success Fee components referenced in the Engagement Letter) shall be reviewed by the Court to determine whether a benefit was

774722-1

4

provided to the estates, as defined on the record of the hearing on the Application; and it is further

ORDERED, that, without waiving or modifying any of the terms in the immediately preceding paragraph, as to the portion of the fee charged by Mesirow in the amount of $25,000 per month, Mesirow shall provide to the US Trustee a monthly summary of the services provided and hours expended. Mesirow shall not, however, be required to file a fee application under the standards required for the other professionals employed by the Debtors' estates; and it is further

ORDERED, that nothing herein shall constitute an authorization for the payment of any fees or expenses of Mesirow from the alleged or asserted cash collateral of PDS-A or PDS-B unless and until the Court makes a determination that the funds in question are not cash collateral of PDS-A or PDS-B. Nothing herein shall constitute a consent or waiver by PDS-A or PDS-B to the use of their alleged cash collateral for the purposes set forth herein.

# # #

Submitted by:
Leslie Gern Cloyd, Esq.
Berger Singerman, P.A.
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail: lcloyd@bergersingerman.com

Copy furnished to:
Leslie Gern Cloyd, Esq.
*(Attorney Cloyd is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

5

774722-1