

**ORDERED in the Southern District of Florida on November 20, 2007.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re | Case Nos. 06-16350-BKC-PGH |
| | through    06-16357-BKC-PGH |
| ITG VEGAS, INC., *et al.,* | 06-16411-BKC-PGH |
| | 06-16441-BKC-PGH |
| Debtors. | 06-16412-BKC-PGH |
| | |
| | **(Jointly Administered under Case No. 06-16350-BKC-PGH)** Chapter 11 |

**ORDER AUTHORIZING EMPLOYMENT OF TEN STATE INTERNATIONAL LAW
PLLC AS SPECIAL COUNSEL TO MARK T. CALVERT,
CHAPTER 11 TRUSTEE, IN CONNECTION WITH THE SALE OF THE
M/V ROYAL STAR, *NUNC PRO TUNC* TO OCTOBER 25, 2007**

THIS MATTER came before the Court for hearing on November 14, 2007 at 10:30 a.m. upon the *Ex-Parte* Application for Approval of Employment of Ten State International Law PLLC ("Ten State") as special counsel to Mark T. Calvert, Chapter 11 Trustee, in connection with the sale of the M/V Royal Star, *nunc pro tunc*, to October 25, 2007 (the "Application"), filed by Mark T. Calvert, Chapter 11 Trustee (the "Chapter 11 Trustee") of the above-captioned Debtors (the "Debtors"). The Application requests an order, pursuant to sections 327 and 328(a)

of title 11 of the United States Code, 11 U.S.C. sections 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Chapter 11 Trustee to retain and employ Ten State, *nunc pro tunc* to October 25, 2007, and having considered the Affidavit of Frederick H. Dulles. Esq. ("Dulles"), of counsel of Ten State, dated November 2, 2007 (the "Dulles Affidavit"); and it appearing that the members, counsel and associates of Ten State who will be engaged in connection with the sale of the M/V Royal Star (the "Sale") are duly qualified to undertake this representation; and the Court being satisfied, based on the representations made in the Application and the Dulles Affidavit, that said attorneys represent no interest adverse to the Chapter 11 Trustee and/or the Debtors' estate with respect to the matters upon which they are to be engaged, that they are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, that its employment is necessary and would be in the best interest of the Chapter 11 Trustee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and having considered the arguments of counsel; and after due deliberation and sufficient cause appearing therefor, it is

  **ORDERED**  that:

  1. The Application is approved as set forth herein;

  2. In accordance with sections 327 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Chapter 11 Trustee is hereby authorized and empowered to employ and retain Ten State as special counsel to the Chapter 11 Trustee in connection with the Sale, *nunc pro tunc* to October 25, 2007, to represent it in this case under chapter 11 of the Bankruptcy Code and such retention is hereby approved;

  3. Based upon the Application and the Dulles Affidavit, the Court finds that Timothy D. Scrantom, Dulles, and Ten State do not hold or represent any interest adverse to the

estates or represent any other entity having an adverse interest in connection with this chapter 11 case and that Scrantom, Dulles, and Ten State are disinterested persons;

4. Based upon the Application and the representations of counsel, the Court finds that the flat-fee agreement between the Chapter 11 Trustee and Ten State is reasonable and that amount of the flat-fee does not exceed the reasonable value of the services provided by Ten State for the benefit of the estate;

5. The Chapter 11 Trustee is authorized, without further Order of the Court and without the need for Ten State to file a fee application, to pay Ten State its professional fee in the amount of $14,000.00 immediately upon receipt by the Chapter 11 Trustee from Las Vegas Casino Lines, L.L.C. of the Second Stage Payment inclusive of all out-of-pocket legal and non-legal fees, costs, and expenses incurred by the Chapter 11 Trustee and his professionals in connection with the modifications to the Sale (the "<u>LVCL Reimbursement</u>") as set forth in decretal paragraph 5(d) of the *Order Approving Sale of the M/V Royal Star Free and Clear of Liens, Claims and Encumbrances*, dated as of October 31, 2007 [C.P. 1002].

6. In the event that Las Vegas Casino Lines, L.L.C. defaults and fails to remit the LVCL Reimbursement, the Chapter 11 Trustee may seek Court authorization to pay the fee due Ten State, notwithstanding such default and failure.

7. The Court retains jurisdiction to interpret and enforce the terms of this Order.

###

Submitted by:

Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
(305) 374-7580

(Attorney Mora is directed to serve a copy of this order and file a Certificate of Service)