

**ORDERED in the Southern District of Florida on December 21, 2007.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re | Case Nos. 06-16350-BKC-PGH |
| | through    06-16357-BKC-PGH |
| ITG VEGAS, INC., *et al.,* | 06-16411-BKC-PGH |
| | 06-16441-BKC-PGH |
| Debtors. | 06-16412-BKC-PGH |
| | |
| | **(Jointly Administered under** |
| | **Case No. 06-16350-BKC-PGH)** |
| | Chapter 11 |

**ORDER GRANTING APPLICATION FOR APPROVAL OF EXPANDED**
**EMPLOYMENT OF STOCKTON BATES, LLP, CERTIFIED PUBLIC**
**ACCOUNTANTS, NUNC PRO TUNC TO DECEMBER 9, 2007**

THIS MATTER came before the Court on December 19, 2007 at 2:30 p.m. upon the

Application for Approval of Expanded Employment of Stockton Bates, LLP, Certified Public

Accountants, *Nunc Pro Tunc* to December 9, 2007 (the "Application") filed by Mark T. Calvert,

in his capacity as Chapter 11 Trustee of the captioned debtors (the "Chapter 11 Trustee").  The

Application requests an order pursuant to 11 U.S.C. §§ 327 and 1106 and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the retention of

Stockton Bates, LLP ("Stockton Bates") as accountant to the Chapter 11 Trustee for the limited

purpose of (a) auditing the consolidated balance sheet of ITB as of December 31, 2007, and the

MIAMI 1467202.2 7771929136

related consolidated statements of income (loss), retained earnings, and cash flows for the year

then ended, and (b) preparing state and federal tax returns on behalf of the Debtors for the period

ending December 31, 2007.  Upon the Affidavit of John P. Gallagher, CPA, the managing

partner of Stockton Bates (the "Gallagher Affidavit"); and it appearing that the shareholders and

staff of Stockton Bates who will be engaged in this matter are duly qualified to undertake this

representation; and the Court being satisfied, based on the representations made in the

Application and the Gallagher Affidavit, that said accountants hold no interest adverse to the

Debtors' estates with respect to the matters upon which they are to be engaged, that they are

"disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, that their employment is necessary and

would be in the best interest of the Debtors' estates; and finding that adequate notice of the

Application having been given; and it appearing that no other notice need be given; and after

consideration of the arguments of counsel and due deliberation and sufficient cause appearing

therefor, it is ORDERED that:

1.      The Application is APPROVED subject to the terms set forth below.

2.      In accordance with 11 U.S.C. §§ 327 and 1106 and Bankruptcy Rule 2014(a), the

Chapter 11 Trustee is hereby AUTHORIZED and EMPOWERED to employ and retain the

Stockton Bates to provide such services as set forth in the Application and such retention is

hereby APPROVED.

3.      Based upon the Application and the Gallagher Affidavit, the Court finds that (a)

neither Stockton Bates nor Gallagher hold any interest adverse to the estates with respect to the

matters upon which they are to be engaged and (b) that Stockton Bates is a disinterested person.

4.        Stockton Bates shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 328, 330(a), 503(b) and 507(a)(1) and such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable from time to time, provided, however, that the Chapter 11 Trustee is authorized to pay Stockton Bates' monthly invoices on an interim basis upon receipt, but not before the United States Trustee has been provided a copy of the monthly invoice and ten (10) business days to object to the amounts contained therein.  The Chapter 11 Trustee shall not remit to Stockton Bates any portion of a monthly invoice that is subject to an objection by the United States Trustee until such objection is resolved by the Court, but is authorized, to pay to Stockton Bates 100% of Stockton Bates' fees and expenses set forth on such monthly invoice that are not subject to such objection.  Notwithstanding the foregoing, in the event that the aggregate fees (excluding the reimbursement of expenses) invoiced by Stockton Bates exceed (a) $77,000.00 in respect of the Audit[1] or (b) $21,210.00 in respect of the Tax Returns (together, the "Aggregate Limits") the Chapter 11 Trustee shall seek Court approval prior to remitting to Stockton Bates any amounts that exceed such Aggregate Limits.

5.        Stockton Bates shall file with this Court an application for the allowance of compensation and for reimbursement of expenses pursuant to 11 U.S.C. § 331 and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida at the conclusion of the proposed engagement at which time the Court shall consider final allowance of its compensation.  Any fees or expenses paid to Stockton Bates pursuant to decretal paragraph 4 above are subject to disgorgement until final allowance by the Court.

6.        The Court retains jurisdiction to interpret and enforce the terms of this Order.

###

---

[1] All capitalized terms that are not defined herein shall have the meanings ascribed to them in the Application.

MIAMI 1467202.2 7771929136                                     3

Submitted by:

Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
(305) 374-7580

(Attorney Mora is directed to serve a copy of this order and file a Certificate of Service)