ORDERED in the Southern District of Florida on ___MAR 1 7 2008___



___David H. Adams, Judge___
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re | Case Nos. 06-16350-BKC-PGH |
| | through   06-16357-BKC-PGH |
| ITG VEGAS, INC., *et al.,* | 06-16411-BKC-PGH |
| | 06-16441-BKC-PGH |
| Debtors. | 06-16412-BKC-PGH |

**(Jointly Administered under
Case No. 06-16350-BKC-PGH)**
Chapter 11

## ORDER GRANTING CHAPTER 11 TRUSTEE'S APPLICATION TO AUTHORIZE RETENTION OF GUNSTER YOAKLEY & STEWART, P.A., AS SPECIAL IMMIGRATION COUNSEL PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO JULY 27, 2007

THIS MATTER came before the Court on March 17, 2008 at 11:00 a.m. upon the

Application to Authorize Retention of Gunster Yoakley & Stewart, P.A., as Special Immigration

Counsel Pursuant to Section 327(e) of the Bankruptcy Code *nunc pro tunc* to July 27, 2007 (the

"Application") filed by Mark T. Calvert, in his capacity as Chapter 11 Trustee of the captioned

MIAMI 1501058.1 7771929136

debtors (the "Chapter 11 Trustee").  The Application requests an order pursuant to 11 U.S.C. §§ 327(e) and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the retention of Gunster Yoakley & Stewart, P.A. ("Gunster") as special immigration counsel to the Chapter 11 Trustee for the limited purpose of continuing to provide services in connection with the U.S. permanent residency process, the renewal of H-1B visas, and other immigration-related issues that arise from time-to-time in connection with the Debtors' international workforce.  Upon the Affidavit of Sarah L. Tobocman, Esq., a shareholder of Gunster (the "Tobocman Affidavit"); and it appearing that the attorneys at Gunster who will be engaged in this matter are duly qualified to undertake this representation; and the Court being satisfied, based on the representations made in the Application and the Tobocman Affidavit, that said attorneys hold no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that their employment is necessary and would be in the best interest of the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after consideration of the arguments of counsel and due deliberation and sufficient cause appearing therefor, it is ORDERED that:

1.    The Application is APPROVED subject to the terms set forth below.

2.    In accordance with 11 U.S.C. §§ 327(e) and 1106 and Bankruptcy Rule 2014(a), the Chapter 11 Trustee is hereby AUTHORIZED and EMPOWERED to employ and retain Gunster to provide such services as set forth in the Application and such retention is hereby APPROVED, *nunc pro tunc* to July 27, 2007.

3.      Based upon the Application and the Tobocman Affidavit, the Court finds that (a) neither Gunster nor Tobocman hold any interest adverse to the estates with respect to the matters upon which they are to be engaged.

4.      Gunster shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 328, 330(a), 503(b) and 507(a)(1) and such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable from time to time.   Gunster shall file with this Court an application for the allowance of compensation and for reimbursement of expenses pursuant to 11 U.S.C. § 331 and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

5.      The Court retains jurisdiction to interpret and enforce the terms of this Order.

###

Submitted by:

Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
(305) 374-7580

(Attorney Mora is directed to serve a copy of this order and file a Certificate of Service)